FILED 15 OCT '19 16:29 USDC-ORE

ROBERT DRAKE EWBANK
Mailing: Post Office Box 492
Springfield, OR 97477

Plaintiff Pro Se
Street: 3086 Memory Lane
Eugene, OR 97404

Tel: 541-579-9022
valia.modern@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON - EUGENE

**ROBERT DRAKE EWBANK**,

Plaintiff,

v.

**DVDV, Incorporated an Oregon Corporation d/b/a Available Rental Properties**,  The Joy Lenore Costello Charitable Trust – **Gregory Allen Hunt, Trustee**, The Estate of Joy Lenore Costello – **Gregory Allen Hunt, Representative of the Estate, Traci Becker**, individually and as employee owner of **DVDV, Incorporated.**

Defendants.

No. 6:19-cv-1656-MK

COMPLAINT

1. DISCRIMINATION ON THE BASIS OF DISABILITY (FAILURE TO GRANT A REASONABLE ACCOMMODATION ALTERING PRACTICES AND POLICIES THAT WOULD ALLOW THE PLAINTIFF USE AND ENJOYMENT OF HIS RENTAL)

2. INTERFERENCE WITH THE EXERCISE AND ENJOYMENT OF RIGHTS UNDER THE FAIR HOUSING ACT

3. RETALIATION AND INTERFERENCE UNDER THE AMERICANS WITH DISABILITIES ACT SUBTITLE V 42 USC 12203(a) and (b)

<u>JURY TRIAL REQUESTED</u>

R. DRAKE EWBANK, PRO SE
PO BOX 492
SPRINGFIELD OR 97477
(541) 579-9022

## I. INTRODUCTION

1.     This cause of action stems principally from unlawful activities of defendants Becker, DVDV, Inc. dba Available Rental Properties, Gregory Allen Hunt, Trustee, of owner of building, and the Joy Lenora Costello Estate which financed the Trust that Hunt manages.

2.     This cause of action results primarily from unlawful acts of discrimination and retaliation between October 15, 2017 forward, with a number of the actionable instances inside and outside of this time frame continuing in a "pattern" of prohibited behavior.

3.     Due to an acute disabling condition, and availability of assistance, the Plaintiff was unable to move timely from a voluntarily noticed tenancy on October 15, 2019, from a property owned by the Costello Trust and operated by DVDV and Becker as property manager under the assumed name "Available Rental Properties".

4.     The Plaintiff requested reasonable accommodations of practices and rules so that he could orderly vacate the premises, while paying prorated rent for days he thought he might need to replace the assistance. Becker did not reply to the accommodation request, and filed a Forced Entry Detainer action in Lane County Circuit Court (Landlord Tenant Docket), and subsequently sabotaged the rental references of the Plaintiff such that he and his 10 year old daughter were made homeless, and were unable to obtain housing even at the tenement level or elsewhere based on negative and false references from Becker, and were refused even at local agencies like Hosanna Properties which would regularly allow and rent to convicted and paroled felons.

5.     <u>PARTIES – PLAINTIFF</u>

6.     <u>ROBERT DRAKE EWBANK</u>

7.     Robert Drake Ewbank, Plaintiff is a resident of Lane County at 3086 Memory Lane Eugene, OR 97404.   The Plaintiff is a disabled individual, and at the time was receiving Supplemental Security Income from Social Security for a PTSD disability.   However, the disability at issue in this matter is the Plaintiff at the time, being unable to walk, lift, or organize, major life activities, or physically move his belongings from the residence or clean – which was

COMPLAINT

finally done on October 25, 2017 two days after the FED was filed and the day that he received the notice from the Court via mail.

**8.**   PARTIES – DEFENDANTS

**9.**   DVDV, INCORPORATED

**10.**   Defendant DVDV, Incorporated is an Oregon Corporation whose principle owner is alleged to be Traci Becker and whose principle place of business is 2221 Main St Springfield, 97477, Lane County Oregon, does business with the public as Available Rental Properties, at that address.

**11.**   TRACI BECKER

**12.**   Defendant Traci Becker a/k/a Traci Dahl is an individual residing in Lane County at 41769 Deerhorn Road, Springfield OR 97470 and principle owner of DVDV, Incorporated.

**13.**   JOY LENORE CHARITABLE TRUST

**14.**   AGENCY: At all times relevant herein, Defendant Becker was additionally acting as an agent and owner of DVDV, Inc. d/b/a Available Rental Properties, and on behalf of Defendant Trustee Gregory A. Hunt, of the Joy Lenore Costello Charitable Trust ("Costello Trust"), and Defendant Gregory A Hunt of the Joy Lenore Costello Estate ("Costello Estate") as owners of the building as of the time of the events alleged herein, and with business address at 225 Oakway St, Eugene, OR 97401.

**15.**   JURISDICTION

**16.**   Jurisdiction is proper in the Federal District Court of Oregon.

**17.**   The Federal District Court has primary jurisdiction over the Plaintiffs Federal Claims, and this action is brought under the Fair Housing Act 42 USC § 3601-3619, 3631 and Title V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq

**18.**   VENUE

**19.** Named Plaintiff Robert Drake Ewbank resides in Lane County, Oregon.

**20.** The balance of events referenced in this cause of action occurred in Lane County Oregon and the Defendants all reside and have business addresses in Lane County Oregon.

R. DRAKE EWBANK , PRO SE
PO BOX 492
SPRINGFIELD OR 97477
(541) 579-9022

**21.** FACTS

**22.** Plaintiff rented an apartment from the Defendant Costello Trust through their property agent DVDV and Becker in December 2015 at 345 Main St #3 Springfield OR 97477.

**23.** Plaintiff gave notice to move and was to move on October 15, 2017.

**24.** Plaintiff during the preceding time was experiencing disabling condition that made it impossible to walk, pick up or move furniture, or go up stairs repeatedly to the upstairs unity.

**25.** He lost his assistance to move on October 14, 2017 through a unpredicted incident and through no fault of his own.

**26.** He informed Becker by letter and immediately by email that he would need an accommodation of her rules and policies to terminate the tenancy normally and paid prorate with this request.

**27.** The inability to comply with Becker's move out date was directly due to the disabling condition disability and immediate move out would have been available to a non-disabled person in the normal enjoyment of their tenancy.

**28.** Becker failed to reply until October 23, 2017 when notifying the Plaintiff of the Forced Detainer action, at no time was there any meaningful dialogue.

**29.** Becker completed the FED suit, and at no time dropped the action and otherwise did not occupy the apartment after having control of it returned to her.

**30.** Becker would not have needed to alter any business practice or the character of her business to accommodate the Plaintiff, as evidenced by letting the apartment sit empty and unrented for several weeks after the property was turned over to her.

**31.** The Plaintiff was unable to finish the move or finish cleaning the apartment, and the letter clearly requesting accommodation stated that had a serious medical condition, that he was requesting an accommodation of later move out date which he would accomplish as soon as humanly possible, and provided three days of prorated rent followed by two more days prorate with a letter on October 19th after the Plaintiff had discovered that Becker had sabotaged his

R. DRAKE EWBANK, PRO SE
PO BOX 492
SPRINGFIELD OR 97477
(541) 579-9022

COMPLAINT

rental references and left him with no place to move.  This action continued for every reference through December of 2017.

**32.**  Becker gave negative references to prospective landlords in retaliation or interference that kept the Plaintiff from normatively renting a place to live for 2 months and additionally penalized him for larger deposits and guarantees.

**33.  CLAIMS**
**34.  COUNT I**

**35.** VIOLATION OF TITLE V of the AMERICANS WITH DISABILITIES ACT 42 USC § 12203 (a) "Retaliation" 42 USC § 12203(b) "Interference and Coercion"

**36.** The alleged facts in the previous paragraphs represent prohibited activity and violations of the statutes protected fair access and use to the disabled, as well as retaliation for requesting accommodation as evidenced by the destruction of the Plaintiffs references.

**37.**   CLAIM II

**38.** VIOLATION OF THE FAIR HOUSING ACT REASONABLE ACCOMMODATION

**39.** Failure to grant a reasonable accommodation to allow the Plaintiff use and enjoyment of the premises and orderly move out.  The Defendants failed to grant accommodation by altering rules and policies such that the Plaintiff would not be harmed by a situation resulting from a disability, and a good faith intention to vacate the apartment.

**40.** CLAIM III

**41.** INTERFERENCE UNDER THE FAIR HOUSING ACT

**42.** The Defendants by their actions illegally interfered, coerced, and prevented the Plaintiff from normal use and enjoyment of his rental by filing unnecessary legal action in the form of the October 23, 2017 FED that would forever damage and reflect on his fitness as a rentee, and the subsequent destruction by the acts of Becker as agent on October 19 and beyond the destruction of his rental references, and the taking of his money for rent after refusing to accept rent in order to file an FED for a unit that was already in the process of being returned.

R. DRAKE EWBANK, PRO SE
PO BOX 492
SPRINGFIELD OR 97477
(541) 579-9022

And otherwise ensuring that the Plaintiff was unable to be housed and incurred the additional expense.

43.  **SPECIAL AND GENERAL MONETARY DAMAGES**

44.  **The Plaintiff also seeks monetary damages against the Defendants under the ADA, the RA, and 42 USC §3601 et seq.:**

45.  **Equitable relief in the form of compensatory special damages** from the Defendants totaling $2000 dollars plus interest for money lost due to paying extra to be housed. And other damages to be establish for consequential losses of Section 8 status, higher deposits for rentals, and future losses of opportunity and choices due to the acts of the Defendants.

46.  **As** a result of outrageous conduct, **the Plaintiff demands exemplary damages** from the individually named Defendants listed here for malice and reckless disregard, and to discourage future instances of wanton and malicious behavior as follows:

47.  **Punitive damages** for the actions of Defendants of 100,000.

48.  **The total of all damages** as the compensatory and exemplary relief requested herein **is $102,000 and;**.

49.  **Additionally, the Plaintiff requests such other damages, relief, and or such compensation as the court or jury may determine.**

50.  **ATTORNEY'S FEES AND COSTS**   The Plaintiff, , if he is the prevailing  party, and should he be represented by counsel, requests any and all attorney's fees costs.  Alternatively, and or "by leave of the Court", the Plaintiff requests "self representation" payments.

51.  **JURY TRIAL REQUESTED**

52.  The Plaintiff requests a trial by jury for those counts, relief, and remedies not reserved for the jurisdiction of the Judge or Magistrate in this case.


Respectfully Submitted

Fifth Amended Complaint Signed October 15, 2019


/s/ *Robert Drake Ewbank*

R. DRAKE EWBANK , PRO SE
PO BOX 492
SPRINGFIELD OR 97477
(541) 579-9022

Ewbank v. DVDV, et al.                                                COMPLAINT
PAGE   5